UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

RONALD MARTINEZ,

    *Defendant.*

Case No. 1:08-cr-373-01-RCL

## MEMORANDUM OPINION

Defendant Ronald Martinez has moved *pro se* for a sentence reduction based on an amendment to the United States Sentencing Guidelines (the "Guidelines"), as permitted by 18 U.S.C. § 3582(c)(2). ECF Nos. 41, 42, 43. The government opposes. ECF No. 53. For the reasons herein, the Court will **DENY** Martinez's motion.

### I.     BACKGROUND

Between July 1, 2007 and February 4, 2009, defendant Ronald Martinez conspired with others to distribute large amounts of cocaine and marijuana in the Washington, D.C. area. Final Presentence Rep. ("PSR") 5, ECF No. 23. The Metropolitan Police Department ("MPD") worked with multiple cooperators to capture the defendant engaging in cocaine transactions. *Id.* at 6. These undercover operations resulted in a large buy-bust operation on November 29, 2007, in which MPD arrested four of Martinez's co-conspirators. *Id.* at 7. Martinez later incriminated himself on September 4, 2008, when law enforcement officials listened to Martinez coordinate a cocaine transaction at a Wal-Mart in West Virginia. *Id.* at 8. That day, one of Martinez's associates sold 250.2 grams of cocaine to a cooperating witness for $6,500.00. *Id.*

A grand jury ultimately charged Martinez in a one-count indictment for (1) conspiracy to possess with intent to distribute and (2) distribution of five kilograms or more of cocaine and

1

marijuana, violations of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A)(ii), § 841(b)(1)(D), and § 846. Indictment, ECF No. 1. Officials arrested Martinez on February 3, 2009. PSR 1. He has remained in custody since then. *Id.* Martinez is a Mexican citizen—Immigration and Customs Enforcement ("ICE") has already lodged a detainer against him. *Id.* at 1, 14.

On June 9, 2009, Martinez pleaded guilty to the one-count indictment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See* Plea Agr., ECF No. 20. Since Martinez pleaded under Rule 11(c)(1)(C), he and the government agreed on 192 months' incarceration as an appropriate sentence for his conduct. *See id.* at 2; Plea Tr. 8:8–12, ECF No. 36. Though Martinez had prior convictions, the government agreed to withdraw its notice as to prior convictions that would have triggered a mandatory life sentence. Plea Agr. 1–2; Plea Tr. 8:3–7. Based on Martinez's total offense level of 39 and criminal-history category of III, the Probation Office suggested a Guidelines range of 324 to 405 months. PSR 17. The Court ultimately accepted the Rule 11(c)(1)(C) plea agreement and sentenced Martinez to 192 months of incarceration. Sent'g Tr. 4, ECF No. 35. Martinez did not appeal this sentence.

On February 6, 2018, Martinez filed a *pro se* motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 and 788 to the Guidelines. ECF No. 41. These amendments retroactively lowered the base offense level for all drug offenses by two levels. *See* U.S.S.G. supp. to app. C, at 59–69, 79–80. On August 19, 2019, Martinez filed a motion reiterating his § 3582(c)(2) arguments and requesting a reduction based on the First Step Act of 2018. *See* ECF No. 42 & 43. The Court denied Martinez's First Step Act motion on September 11, 2020. ECF No. 44. Because the government had not responded to Martinez's § 3582(c)(2) motion, the Court ordered a response and reserved its decision on that motion. *Id.* On the government's motion, the Court ordered the Probation Office to analyze the effects, if any, of Amendments 782

and 788 on Martinez's sentence. ECF No. 51. The Probation Office, accordingly, filed a response. ECF No. 52. The government then filed its own response. ECF No. 53.

## II.   LEGAL STANDARD

Federal courts are forbidden from modifying a term of imprisonment absent one of "a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One exception is located at 18 U.S.C. § 3582(c)(2). This statute permits a court to reduce sentences based on later-enacted, retroactive amendments to the Guidelines. *See* 18 U.S.C. § 3582(c)(2). No constitutional principle compels a § 3582(c)(2) sentence reduction. *Dillon v. United States*, 560 U.S. 817, 828 (2010). Rather, § 3582(c)(2) "represents a congressional act of lenity" giving prisoners the benefit of amendments enacted after their sentencings. *Id.*

A court must follow a two-step test when considering a § 3582(c)(2) sentence-reduction motion. First, a court must determine whether the defendant is eligible for a sentence reduction. *Dillon*, 560 U.S. at 827. A defendant is eligible if a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, if the defendant is eligible, a court must weigh the factors enumerated in 18 U.S.C. § 3553(a) and "determine whether, in its discretion," the sentence reduction "is warranted . . . under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III.   DISCUSSION

Martinez argues that he is eligible for a sentence reduction based Amendments 782 and 788 to the Sentencing Guidelines. *See* ECF No. 41 at 3. The Court disagrees. Martinez is correct that the amendments lowered his applicable Guidelines range. Amendment 782 to the Guidelines reduced all offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1, by two levels. *See United States v. Butler*, 130 F. Supp. 3d 317, 319 (D.D.C. 2015). Many refer to this amendment,

3

informally, as "all drugs minus two." *Id.* Amendment 788 applied those downward revisions retroactively—i.e., to already-sentenced individuals. U.S.S.G. supp. to app. C, at 79–80.

But reducing Martinez's sentence would still be inconsistent with a Sentencing Commission policy statement. The Sentencing Commission has stated, in U.S.S.G. § 1B1.10, that courts "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is *less than the minimum of the amended guideline range.*" U.S.S.G. § 1B1.10(b)(2)(A). "Because § 1B1.10(b)(2)(A) bars sentence reductions below the applicable amended guideline range," a defendant whose sentence "was already below that range" is ineligible for a § 3582(c)(2) sentence reduction. *United States v. Taylor*, 743 F.3d 876, 879–80 (D.C. Cir. 2014) (per curiam). Assume that Amendments 782 and 788 applied to Martinez. His amended Guidelines range would be 262 to 327 months. Probation Mem. 1, ECF No. 52. The Court's sentence—192 months—is 70 months lower than this amended Guidelines range. Any sentence reduction would therefore conflict with § 1B1.10(b)(2)(A), which is an applicable policy statement of the Sentencing Commission. No sentence reduction is available for Martinez through § 3582(c)(2).

## IV.   CONCLUSION

For the foregoing reasons, the Court will **DENY** defendant Martinez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). A separate order consistent with this opinion shall issue this date.

Date: June 14, 2022

Royce C. Lamberth
United States District Judge